IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA JO PIRTLE,                           )<br>                                                      )<br>            Plaintiff,                              )<br>                                                      )<br>vs.                                                   )<br>                                                      )<br>CHIEF JERRY HICKMAN, STATE OF )<br>IDAHO, BANNOCK COUNTY            )<br>DEPARTMENT, JOHN DOE 1-50,     )<br>JANE DOE 1-50,                              )<br>                                                      )<br>            Defendants.                        )<br>_____) | Case No. CV05-146-S-MHW<br><br>MEMORANDUM ORDER |

Pending before the Court in this civil rights case is Defendant State of Idaho's Motion to Dismiss (Docket No. 29) and the Bannock County Defendants' Motion for Summary Judgment (Docket No. 33). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket No. 37). The Court previously issued its Notice of Intent to Dismiss the Case after having reviewed the record. The parties appeared before the Court for oral argument on December 5, 2005. Having considered the parties' written and oral arguments, as well as Plaintiff's Brief on Equitable Tolling (Docket No. 40), the Court enters the following Order granting the

MEMORANDUM ORDER 1

Motions and dismissing Plaintiff's case.

## I.

## STATE OF IDAHO'S
## MOTION TO DISMISS

Defendant State of Idaho seeks dismissal of Plaintiff's claims against it.  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.* (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

Plaintiff cannot maintain a legal action against the State of Idaho in federal court absent its consent.  The Eleventh Amendment prohibits federal courts from hearing complaints brought against an unconsenting state by its own citizens or by citizens of a different state.  *See Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought."  *Id.*

Nothing in Plaintiff's Brief shows that the Eleventh Amendment is not in effect in

MEMORANDUM ORDER 2

this case to preclude her claim against the State. Plaintiff cites the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601, *et seq.*, which was "enacted to study the problem of prison rape and to provide funding and expertise to address it." *Kane v. Winn*, 319 F.Supp.2d 162 (D. Mass 2004). Nothing in the Act suggests that it was intended to create a private cause of action, and nothing suggests that Congress intended to override the state's Eleventh Amendment immunity. Plaintiff's citations to the dissenting opinion in *Atascardero State Hospital v. Scanlon*, 473 U.S. 234 (1985) is unpersuasive. Dissenting opinions are not of precedential value, and this pre-amendment Supreme Court opinion on the Rehabilitation Act is not helpful to Plaintiff's case; rather, it underscores how explicit a statutory abrogation of the Eleventh Amendment must be.

For all of the foregoing reasons, Plaintiff's claims against the State of Idaho shall be dismissed.

## II.

### BANNOCK COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A.     Standard of Law**

The Bannock County Defendants assert that they are entitled to summary judgment because Plaintiff did not file her Complaint within the two-year statute of limitations. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B.     Discussion**

On January 16, 2003, Plaintiff was taken into custody at the Bannock County Jail ("Jail"), apparently having been transferred from California, where she was arrested on suspicion of felony child custody interference. Bannock County Jail records show that Plaintiff was last in custody at the Jail on January 17, 2003. *See Affidavit of Jerry Hickman* (Docket No. 33, Attachment #2). Regardless of other alleged conflicts among the records, all of the records show that Plaintiff (whether shown as "Donna J. Hutter," or "Donna Jo Hutter Pirtle") was arrested on January 16, 2003, and was released on her own recognizance on January 17, 2003. She was arraigned on January 17, 2003, and a preliminary hearing was set for January 28, 2003.

Plaintiff newly asserts in her Brief on Equitable Tolling that Defendants were not cooperative in providing her with police reports and other records pertaining to her incarceration. However, there is no dispute that (1) Plaintiff was aware of her release when it occurred on January 17, 2003; or that (2) Plaintiff was aware of the factual grounds of her causes of action at that time. This is all that is required for the statute of limitations to have started running on January 17, 2003. The law does not support Plaintiff's argument that she needed the police reports before she could file her lawsuit.

It is not necessary for a person to know the *legal significance* of an injury and the

MEMORANDUM ORDER 4

cause of the injury for a statute of limitations to begin running; they need know only the injury and the cause.  For example, in *Dyniewicz v. United States*, 742 F.2d 484 (9th Cir. 1984), the plaintiffs discovered more than two years after their parents died in a flash flood incident that national park rangers may have been negligent in maintaining the road upon which the parents were traveling at the time of the flash flood.  The Court held that the plaintiffs' cause of action was barred, because they knew "both the fact of injury and its immediate physical cause" on the date of the deaths.  *Id*. at 487.  The Ninth Circuit deemed  "[t]heir ignorance of the involvement of United States employees . . . irrelevant." *Id*.

Similarly, in *Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986), several members of the Gibson family (hereinafter collectively "Gibson"), brought a claim for recovery against the United States and FBI agents for violating their civil rights by burning down their garage.  The Ninth Circuit held that Gibson's cause of action accrued when they knew of (1) the injury and (2) the cause, meaning (a) the destruction of their property and (b) the fire.  The Ninth Circuit rejected Gibson's argument that the claim did not accrue until Gibson discovered who had burned down their garage or that the federal government was potentially liable.

Plaintiff filed this federal civil rights action on January 20, 2005, in the United States District Court for the Eastern District of California.  The case was transferred to this Court because Idaho is a more appropriate venue.  *See Case Transfer Order and Original File* (Docket No. 25).

MEMORANDUM ORDER 5

The length of the statute of limitations for a civil rights action is governed by the state statute for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261 (1985).[1] Idaho Code § 5-219 provides for a two-year statute of limitations for personal injury actions.[2]

Not only is Plaintiff charged with having personal knowledge of the date she was injured and the date she was released from jail, the jail records confirm that Plaintiff was not in custody after June 17, 2003. Plaintiff is mistaken in believing that the civil rights statute of limitations runs from the date that the criminal complaint against her was dismissed, because all of her civil rights causes of action arise not from any allegation of wrongful arrest or prosecution, but from conditions of confinement which ended on January 17, 2003. *See Guerrero v. Gates*, 357 F.3d 911, 919 (9th Cir. 2004) (civil rights statute of limitations runs from the date of plaintiff's altercation with police). Accordingly, Plaintiff's Complaint was filed several days too late.

Plaintiff contests some of the facts presented in the Jail's documents. However, the facts she contests, such as whether her legal name was "Donna J. Hutter," or "Donna Jo Hutter Pirtle," are immaterial; there is no dispute that it was she who was arrested or that these are her arrest records. Similarly, Plaintiff contests the time, but not the date, of arrest. Again, it is the date, and not the time, that is material to the issues in the summary

---

[1] *Wilson v. Garcia* was later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here.

[2] Plaintiff also argued that she did not know the California statute of limitations. The California statute of limitations for personal injury actions brought under the Civil Rights Act is one year. *See Taylor v. Regents of Univ. of Ca.*, 993 F.2d 710 (9th Cir. 1993). This argument is neither relevant nor helpful to Plaintiff's current case.

judgment motion.

The Court notes that Plaintiff's citation to *Turner v. Safley,* 482 U.S. 78 (1987) is premature, as it is a case governing the merits of civil rights claims. The Court cannot hear the merits unless a plaintiff files a timely complaint.

Plaintiff also asserts that because her civil rights were violated, the Court should hear her action anyway. Although it is sometimes a difficult concept to understand, under the law, having a meritorious case is not a ground for disregarding the statute of limitations. In *Wilson v. Garcia*, the Supreme Court pointed out that the *absence* of a statute of limitations would be unfair to defendants:

> A federal cause of action "brought at any distance of time" would be "utterly repugnant to the genius of our laws." *Adams v. Woods,* 2 Cranch 336, 342, 2 L.Ed.2d 297 (1805). Just determinations of fact cannot be made when, because of the passage of time, the memories of witnesses have faded or evidence is lost. In compelling circumstances, even wrongdoers are entitled to assume that their sins may be forgotten.

471 U.S. at 271.

Similarly, in *Burnett v. New York Central Railroad*, 380 U.S. 424, 428 (1965), the Supreme Court noted that the primary purpose of a statute of limitations is "to assure fairness to defendants." The Supreme Court explained: "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitations and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349 (1944).

MEMORANDUM ORDER 7

## C. Equitable Tolling or Estoppel

A case filed beyond the statute of limitations date can be heard only if the plaintiff can show that equitable tolling or equitable estoppel should be applied. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of a claim" during the statute of limitations time period. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Equitable estoppel is applicable if Defendants took action to prevent Plaintiff from discovering the fact or date of her injury or from filing suit. *Id*. at 1176. In this case, Plaintiff's argument that she needed to have the police reports before she could file her suit is unsupported by the facts and the law, as explained above.

Plaintiff's argument that she did not know the identity of Jerry Hickman is not enough to stop the statute from running according to the case law cited above. Plaintiff could have filed the suit and added Jerry Hickman at a later date. Hickman's counsel also points out that the Complaint alleges only that Hickman was the jail commander, and does not allege that he was personally involved in the alleged civil rights violations set forth in the Complaint, and, therefore, his identity was irrelevant to Plaintiff's causes of action. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979) (There is no respondeat superior liability under section 1983).

Plaintiff's Brief does not show that she was "unable to obtain vital information bearing on the existence of a claim" during the statute of limitations time period. *Santa Maria*, 202 F.3d at 1178. Rather, Plaintiff knew of her injuries on the dates they

MEMORANDUM ORDER 8

occurred, and she knew the date that she was last in the custody of Defendants.

Therefore, no equitable tolling or equitable estoppel is applicable.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant State of Idaho's Motion to Dismiss (Docket No. 29) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the Bannock County Defendants' Motion for Summary Judgment (Docket No. 33) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's case is DISMISSED with prejudice.



DATED:  **December 9, 2005**

_____
Honorable Mikel H. Williams
United States Magistrate Judge